UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE, | No. 2:23-cv-01077-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| CASSANDRA K. SYSOUVANH, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action that was removed from state court on June 5, 2023. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at Mule Creek State Prison. Defendant Sysouvanh was a correctional officer employed by the California Department of Corrections and Rehabilitation.

Plaintiff alleges that defendant sexually assaulted him in violation of the Eighth Amendment and that such conduct also violated the Prison Rape Elimination Act ("PREA"). As a result of defendant's conduct, plaintiff suffered "psychological harm, mental anguish, emotional distress, physical and sexual assault, [and] fear of [his] safety and security." ECF No. 1 at 8. By way of relief, plaintiff seeks compensatory and punitive damages.

## III. Analysis

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" Blessing v. Freestone, 520 U.S. 329, 340 (1997). However, this statute only creates a right of action for "the violation of a federal *right*, not merely a violation of federal *law*." Blessing, 520 U.S. at 340 (emphasis in original) (citation omitted). The Prison Rape Elimination Act ("PREA") codified at

34 U.S.C. § 30301-30309, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1, 2012 U.S. Dist. LEXIS 58021 (E.D. Cal. April 25, 2012); see also Blessing, 520 U.S. at 340-41 (stating that a statutory provision gives rise to a federal right enforceable under § 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms"). Since the Act itself contains no private right of action, nor does it create a right enforceable under § 1983, to the extent plaintiff is attempting to allege that his rights under the PREA have been violated, he fails to state a claim for relief and the claims should be dismissed without leave to amend.

The only remaining claim in plaintiff's complaint is an Eighth Amendment sexual assault claim against defendant Sysouvanh. However, the court's own records reveal that plaintiff filed a second amended complaint containing identical allegations against defendant in Haynie v. Esquerra, et al., No. 2:22-cv-02204-DB (E.D. Cal.).[1] "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). The undersigned recommends that the Eighth Amendment sexual assault claim be dismissed as duplicative of Haynie v. Esquerra.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for screening of the complaint (ECF No. 2) is granted as reflected herein.
2. The Clerk of the Court is directed to randomly assign a district judge to this case.

IT IS FURTHER RECOMMENDED that:

1. The PREA violation alleged in the complaint be dismissed without leave to amend for failing to state a claim upon which relief may be granted.
2. The remaining Eighth Amendment sexual assault claim against defendant be

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

dismissed without prejudice as duplicative of the pending second amended complaint in Haynie v. Esquerra, et al., Case No. 2:22-cv-02204-DB (E.D. Cal.). See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 23, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hayn1077.23